# United States District Court
## Middle District of North Carolina

**FILED**
NOV 09 2018
AT THIS OFFICE
U. S. District Court
Greensboro, N.C.
By _____

UNITED STATES OF AMERICA

v.

KIMBERLY RUSSELL HOBSON

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number:     1:17-CR-00470-1

USM Number:     34160-057

Kathleen A. Gleason, Assistant Federal Public Defender
Defendant's Attorney

**Date of Original Judgment: May 2, 2018**

**Reason for Amendment:**
* Correction of Sentence for Clerical Mistake pursuant to Fed. R. Crim. P. 36

## THE DEFENDANT:

☒ pleaded guilty to counts 1, 13 and 14.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 and 2 | Wire Fraud | February 20, 2013 | 1 |
| 18:1344 and 2 | Bank Fraud | July 7, 2017 | 13 |
| 18:1028A(a)(1) and 2 | Aggravated Identity Theft | July 7, 2017 | 14 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts 2 through 12 and 15 and 16 are dismissed on the motion of the defendant without objection from the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the economic circumstances.

May 2, 2018
Date of Imposition of Judgment

_____
Signature of Judge

Thomas D. Schroeder, United States District Judge
Name & Title of Judge

November 7, 2018
Date

DEFENDANT:        KIMBERLY RUSSELL HOBSON
CASE NUMBER:      1:17-CR-00470-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**102 months.**

[78 months on Counts 1 and 13 to run concurrent with each other and 24 months on Count 14 to run consecutive to Counts 1 and 13.]

☒  The court makes the following recommendations to the Bureau of Prisons:  That the defendant be designated to a Bureau of Prisons facility as close as possible to her home in North Carolina.  It is further recommended that the defendant be given a mental health evaluation and any recommended treatment while in the custody of the Bureau of Prisons.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district.

    ☐  at _____ am/pm on _____  .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 pm on  .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY  _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KIMBERLY RUSSELL HOBSON
CASE NUMBER: 1:17-CR-00470-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **three (3) years.**

[Three (3) years on Counts 1 and 13 to run concurrent with each other and one (1) year on Count 14 to run concurrent with Counts 1 and 13.]

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

4. ☐ You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: KIMBERLY RUSSELL HOBSON
CASE NUMBER: 1:17-CR-00470-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date_____.

DEFENDANT:      KIMBERLY RUSSELL HOBSON
CASE NUMBER:    1:17-CR-00470-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall cooperatively participate in a mental health treatment program, which may include inpatient treatment, and pay for treatment services, as directed by the probation officer.

As directed by the probation officer, the defendant shall notify any third parties of risks that may be occasioned by her criminal history or personal history or characteristics, such as possession of personal identification information or access to bank accounts, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:     KIMBERLY RUSSELL HOBSON
CASE NUMBER:   1:17-CR-00470-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $300.00 | | $.00 | $3,880,075.53 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ *The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**Total Restitution of $3,880,075.53 to:**

**UNC Health Care System   $2,905,075.53.**
**Travelers Casualty and Surety Company of America   $975,000.00;**

**Pursuant to 18 U.S.C. § 3664(j)(1), all restitution ordered by this Judgment shall be paid first to the victim UNC Health Care System before any restitution is paid to Travelers Casualty and Surety Company of America.**

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived pursuant to 18 U.S.C. Section 3612(f)(3) for the   ☐ fine   ☒ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* **Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.**
\*\* **Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.**

DEFENDANT: KIMBERLY RUSSELL HOBSON
CASE NUMBER: 1:17-CR-00470-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒    Lump sum payment of $ 3,880,375.53 due immediately, balance due

        ☐  not later than _____ , or

        ☒  in accordance with ☐ C, ☒ D, ☐ E, or ☐ F below; or

B ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐    Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒    If the Defendant is unable to pay the criminal monetary penalties immediately, they may be paid through the Inmate Financial Responsibility Program. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the Defendant shall make payments in equal, monthly installments of $200.00 to begin 60 days after commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full.

E ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States: **The attached Preliminary Order of Forfeiture filed in the Court on March 12, 2018, Amendment to Preliminary Order of Forfeiture filed March 20, 2018, and Order Imposing a Forfeiture Money Judgment filed May 7, 2018, shall be incorporated in this Judgment.**

**Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.**